**1406**

**Myrtle L. HARRELL, Plaintiff,**

v.

**BOARD OF DIRECTORS COMMUNITY ACTION PROGRAM et al., Defendants.**

**No. 73–C–130.**

United States District Court, E. D. Wisconsin.

July 12, 1973.

Schwartz, Schwartz, Roberts & Cairo by Jay Schwartz, Racine, Wis., for plaintiff.

Schoone, McManus & Hanson by Roger L. McManus and Adrian P. Schoone, Racine, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff seeks to be reinstated as a center director of the Community Action Program in Racine, Wisconsin, and to recover back pay from the date of her dismissal from that position. Jurisdiction is said to exist "under 22.01 and 22.02 of Title 28 of the United States Code, as well as under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution."

The individual defendants have moved to dismiss the action on several grounds and have briefed their position. The plaintiff, however, has not responded to the briefing schedule established for the motion; therefore the motion will be decided without the benefit of the views of the plaintiff's counsel.

The complaint describes the plaintiff's rise to the position of director and subsequent accusations leveled against her for her performance in that office. A hearing was held on the charges which the plaintiff was invited to attend. However, the plaintiff states that she was denied the opportunity to examine witnesses, that no stenographic record was made, and that no procedure or control over admissibility of evidence existed. The hearing resulted in a repudiation of charges of wrongdoing against the plaintiff, although she was discharged upon a finding that she was incapable of handling many facets of her job. It is further alleged that there are no similar positions available to the plaintiff and that "the methods used to secure her ouster consisted of innuendo, misrepresentation, and trial by newspaper."

■ The first argument from the defendants is that no basis for federal ju-

risdiction is properly alleged. The point is well taken. It is apparent that the plaintiff's assertions of §§ 22.01 and 22.02 were intended to be 28 U.S.C. §§ 2201 and 2202, relating to declaratory judgments. Those provisions, however, are procedural in nature and are not jurisdictional statutes. Skelly Oil Co. v. Phillips Petroleum Company, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Furthermore, the remainder of the plaintiff's jurisdictional statement, while alleging that the claim arises under the Constitution of the United States, fails to assert a basis for special federal question jurisdiction and also fails to allege an amount in controversy sufficient to invoke this court's general federal question jurisdiction. 28 U.S.C. § 1331.

In view of the fact that the plaintiff has failed to assert a proper basis for this court's jurisdiction, I do not reach the other challenges set forth by the individual defendants. However, since the plaintiff will be given an opportunity to replead, I would suggest that the plaintiff give serious consideration to the other issues raised by the defendants if she intends to replead. Particular attention should be paid to the effect of Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

Therefore, it is ordered that the complaint be and hereby is dismissed; the plaintiff shall have 20 days from this date to serve and file an amended complaint or suffer dismissal of this action.